IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SUSAN BISHOP, Individually and as Personal Representative of the Estate of JOHN F. COULS, Decedent,<br><br>   Plaintiffs,<br><br>v.<br><br>TRIUMPH MOTORCYCLES (AMERICA) LIMITED, et al.,<br><br>   Defendants. | Case No.  3:18-cv-186-GMG<br>Judge: Gina Groh |

**MOTION OF DEFENDANTS, TRIUMPH MOTORCYCLES LIMITED, TRIUMPH MOTORCYCLES (AMERICA) LIMITED, AND FREDERICKTOWN YAMAHA FOR LEAVE TO FILE MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORT OF BYRON BLOCH**

  Defendants Triumph Motorcycles Limited, Triumph Motorcycles (America) Limited, and Fredericktown Yamaha (collectively, "Defendants") move the Court for leave to file a motion to exclude the expert testimony and report of Plaintiffs' liability expert, Byron Bloch. Defendants timely filed their original motion to exclude Bloch on April 16, 2021. ECF No. 160.[1] Defendants asserted that Bloch lacks the requisite background, and the liability opinions Bloch intends to offer at trial, and the methodology he utilized, were irrelevant and unreliable, and therefore, inadmissible. Accordingly, the admissibility of Bloch's opinions were material to the issues addressed in the parties' previously filed summary judgment motions.[2]

---

[1] Defendants originally filed their motion to exclude Bloch as ECF No. 159 but inadvertently included the memorandum of law for another motion. Defendants immediately uncovered this error, called the Clerk of Court's office, and re-filed the correct papers in ECF No. 160.

[2] Defendants' summary judgment motion demonstrated that admissible expert testimony is necessary to prove Plaintiffs' essential elements of defect and proximate causation. ECF No. 135. As a result, the admissibility of Bloch's opinions was a threshold evidentiary issue that Defendants sought to address in a separate, distinct motion upon receiving Plaintiffs' opposition to Defendants' original motion for summary judgment.

254227156v.1

In a May 5, 2021 Order, two days after the deadline to file motions *in limine*, the Court denied without prejudice the parties' summary judgment and related filings, including Defendants' motion to exclude Bloch. ECF No. 221, at 4. The Court ordered the parties to file renewed motions for summary judgment by June 7, 2021. *Id.* The Court added that "[s]hould the parties desire to file any supplemental briefing related to these motions, they shall seek leave of court prior to filing. Absent a reasonable showing of need, the Court will not entertain further superfluous briefing." *Id.*

Defendants intend to file a renewed summary judgment motion by June 7, 2021. Defendants will again demonstrate that Plaintiffs have no reasonable expectation of proving the essential elements of defect and causation on their products liability claims. The admissibility of Bloch's opinions remains a threshold question for Plaintiffs' products liability claims on summary judgment and at trial. Briefing on the admissibility of Bloch's report and testimony are necessary and critical to this Court's consideration of whether Defendants should be granted summary judgment and the admissible evidence available to be presented at trial. Defendants would be prejudiced if not permitted to challenge Bloch's opinions. Defendants note that they filed their original *Daubert* challenge more than two weeks before the Court's May 3, 2021 motions *in limine* deadline.

Defendants respectfully submit that for the above reasons, the Court should grant Defendants leave to file their attached motion to exclude the expert testimony and report of Byron Bloch (attached as Exhibit A, with the memorandum of points and authorities and exhibits in support of the motion to exclude attached as Exhibit B, and the proposed order for the motion to exclude attached as Exhibit C) for this Court's consideration on Defendants' renewed motion for

summary judgment. The points and authorities set forth in the attached motion to exclude further demonstrate the merit in the Court granting Defendants leave to file the motion to exclude.

Wherefore, Defendants request that the Court grant them leave to file, and the Court accept for submission, Defendants' motion to exclude the expert testimony and report of Byron Bloch.

Dated: May 26, 2021

Respectfully submitted,

**SHUMAN MCCUSKEY SLICER PLLC**

 */s/ David L. T. Butler*
David L.T. Butler (WV Bar #11339)
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
Telephone: (304) 291-2702
Facsimile: (304) 291-2840
dbutler@shumanlaw.com

John F. McCuskey (WV Bar #2431)
1411 Virginia St. E. Suite 200
Charleston, WV 25339
Telephone: (304) 345-1400
Facsimile: (304) 343-1826
jmccuskey@shumanlaw.com

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Shadonna E. Hale (WV Bar #8941)
David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC  20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
shadonna.hale@wilsonelser.com
david.ross@wilsonelser.com

Philip Quaranta, *Admitted Pro Hac Vice*
1133 Westchester Avenue
White Plains, New York 10604
Telephone: (914) 872-7238
Facsimile: (914) 323-7001
philip.quaranta@wilsonelser.com

*Counsel for All Defendants*

254227156v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SUSAN BISHOP, Individually and as Personal Representative of the Estate of JOHN F. COULS, Decedent,<br><br>        Plaintiffs,<br><br>v.<br><br>TRIUMPH MOTORCYCLES (AMERICA) LIMITED, et al.,<br><br>        Defendants. | Case No. 3:18-cv-186-GMG<br>Judge: Gina Groh |

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record via ECF on May 26, 2021.

                                               /s/ David L. T. Butler
                                              David L.T. Butler (WV Bar #11339)

254227156v.1